UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JAMES P. SHARKEY and TOTAL LAUNDROMAT
CONCEPTS, INC. d/b/a AQUARELLE FILTRATION
SYSTEMS,

            Plaintiff,

        -against-

ALLTEC PRODUCTS, INC., DOES 1 through 50,

           Defendants.
---------------------------------------------------------------X

**OPINION & ORDER**
**CV-04-0397(SJF)(JO)**

FEUERSTEIN, J.

    Before me are objections by plaintiffs James P. Sharkey and Total Laundromat Concepts, Inc. d/b/a Aquarelle Filtration Systems (plaintiffs) to a Report and Recommendation of United States Magistrate Judge James Orenstein dated June 24, 2005 (the Report) recommending that the motion of Alltec Products, Inc. (Alltec) for partial summary judgment on the issue of non-infringement of U.S. Patent No. 5,575,913 (issued Nov. 19, 1996) (the Sharkey Patent) be granted and that plaintiffs' cross motion for summary judgment be denied. For the reasons stated herein, I overrule the objections and accept the Report in its entirety.

I

    Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed.R.Civ.P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the

magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II

Plaintiffs allege, *inter alia*, that the Report (1) improperly identified the "corresponding structure" of the "means-plus-function" limitation because it (a) "misperceived key aspects of the prosecution history," (Objections [Obj.], p. 1), (b) "erroneously rejected application of the doctrine of claim differentiation," (Obj., p. 11), and (c) "added a limitation * * * to the corresponding structure that is not necessary to perform the relevant function," (Obj., p. 11) ; and (2) "misapplied decisional authority relating to the construction of claims in a patent," insofar as it was rendered prior to the *en banc* decision of the United States Court of Appeals for the Federal Circuit in Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. 2005), and it relied heavily on the prosecution history for claim construction purposes. (Obj., p. 2).

Upon *de novo* review of the Report, and upon careful consideration of the objections and Alltec's response thereto, I overrule the objections and adopt Magistrate Orenstein's Report in its entirety. Accordingly, partial summary judgment on the issue of non-infringement of the Sharkey Patent is granted, and plaintiffs' cross motion for summary judgment is denied. The parties are directed to appear in my courtroom at 1010 Federal Plaza, Central Islip, New York on October 12, 2005, at 10:00 a.m. for a scheduling conference, at which time I will set a briefing schedule for Alltec's pending motion for sanctions, which I previously stayed pending

determination of the parties' respective motions for summary judgment.

SO ORDERED.

/s/ SANDRA J. FEUERSTEIN
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 17, 2005
       Central Islip, New York

Copies to:

RIVKIN RADLER LLP
926 EAB Plaza
Uniondale, New York 11556-0926

COLLARD & ROE, P.C.
1077 Northern Boulevard
Roslyn, New York 11576-1696